**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAUNA GOLDDEEN OGBURN, | DOCKET NUMBER |
| Appellant, | DC-0841-19-0345-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: January 10, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Launa Golddeen Ogburn</u>, Woodbridge, Virginia, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied her request for an adjustment to her annuity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant does not challenge the administrative judge's finding that she failed to provide any evidence or argument regarding the merits of OPM's reconsideration decision. Initial Appeal File (IAF), Tab 29, Initial Decision at 4; Petition for Review (PFR) File, Tab 1. Nor does she provide on review any substantive evidence or argument to support her claim that OPM erred in its calculation of her annuity. PFR File, Tab 1. Accordingly, we find that the appellant has failed to meet her burden of establishing by preponderant evidence that OPM incorrectly calculated her annuity. *See* 5 C.F.R. § 1201.56(b)(2)(ii) (providing that, in appeals from OPM reconsideration decisions involving retirement benefits, the appellant bears the burden of proving her entitlement to benefits).

We have considered the appellant's other arguments on review, but none warrant a different outcome. For example, the appellant references another of her appeals that went before the U.S. Court of Appeals for the Federal Circuit. PFR File, Tab 1 at 8, 11. We believe that she is referring to the decision in *Ogburn v. Merit Systems Protection Board*, 750 F. App'x 990, 991-92 (Fed. Cir. 2018), in which the court affirmed the dismissal for lack of jurisdiction of the appellant's

prior appeal in *Ogburn v. Office of Personnel Management*, MSPB Docket No. DC-0841-18-0135-I-1, based on OPM's rescission of a prior reconsideration decision. The court's decision does not concern the present appeal, which is based on OPM's new, February 5, 2019 reconsideration decision. IAF, Tab 12 at 8-10.

The appellant also takes issue with an OPM letter dated May 25, 2012. PFR File, Tab 1 at 7. Although unclear, we believe that she is referring to OPM's letter that granted her application for disability retirement benefits or a letter referencing her diagnosis. IAF, Tab 12 at 30-33. The appellant's concerns with the correspondence are not clear. However, the Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). In the absence of such specificity, we will not further consider this argument.

The appellant also refers to the docket numbers in her various Board appeals as fraudulent or invalid, and she appears to indicate that such fraud constitutes a continuing felony against her. PFR File, Tab 1 at 4-5, 9-10. The Board has assigned the docket numbers in the appellant's appeals in accordance with its usual practice, and it is not aware of any basis under which the assignment of docket numbers is either fraudulent or invalid.

The appellant also indicates that she spent over $4,000 in administrative and copying costs. PFR File, Tab 1 at 7. In another appeal, the appellant sought consequential damages, which an administrative judge dismissed. *Ogburn v. Office of Personnel Management*, MSPB Docket No. DC-0841-18-0135-P-1, Initial Decision (Feb. 27, 2019). The appellant filed a petition for review in that

matter, and we will issue a separate final decision regarding her request for damages.

We have considered the appellant's remaining assertions raised on review, including that she has not reached retirement age and that she has never been identified as having a disability, PFR File, Tab 1 at 8, but we find that they do not warrant a different outcome.[2]  For the reasons stated above, we deny the petition for review and affirm the initial decision.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should

---

[2] The appellant includes with her petition for review correspondence from the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit.  PFR File, Tab 1 at 13-14.  These documents are dated before the initial decision was issued.  Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The appellant has not made such a showing, and we need not consider these documents on review.

[3] On March 1, 2021, the appellant filed pleadings with the Board apparently seeking to withdraw her petition for review.  PFR File, Tabs 8-9.  Thereafter, on March 3, 2021, the Office of the Clerk of the Board issued an order requiring the appellant to confirm her intent to withdraw the petition for review and her understanding that any withdrawal is with prejudice to refiling with the Board.  PFR File, Tab 10.  In response, the appellant confirmed that she did not wish to withdraw her petition for review.  PFR File, Tab 11.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.